# Mark B. Frost & Associates

A Professional Corporation
ATTORNEYS AT LAW

PIER 5 AT PENNS LANDING • 7 NORTH COLUMBUS BOULEVARD • PHILADELPHIA, PA 19106-1492

MARK B. FROST
RYAN LOCKMAN*
* MEMBER PA AND NJ BARS

T: 215-351-3333
F: 215-351-3332
mfrost@mfrostlaw.com

NJ LAW OFFICE
400 MAIN STREET
CHATHAM, NJ 07928
T: 973-635-2901
F: 973-635-2904

June 17, 2011

**VIA E-FILING**
The Honorable William J. Martini, U.S.D.J.
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      **RE:**    **Donald Lee, et al vs. Tomas Padilla, et al**
              **2:11-cv-01463-WJM -MF**

Dear Judge Martini:

      Our office represents Plaintiffs in the above-captioned matter. Please accept this letter in response to Mr. Kroell's letter filed this afternoon. For the reasons set forth below, the Court should not entertain Mr. Kroell's request for the Court to consider his statute of limitations argument against Plaintiff Lee's CEPA claims.

      First, opposing counsel's letter, which was filed this afternoon, is plainly untimely. The instant Motion is returnable on Monday, yet opposing counsel waited until Friday afternoon to raise this completely new issue. Further, Defendant's CEPA statute of limitations argument was omitted from both his original brief and his reply brief, and thus it has been waived. Defendant Zisa's counsel has already filed two briefs with regard to this Motion; they should not be permitted to take a *third* bite of the apple with regard to this issue.

      Further, even in its most recent letter, Defendant's argument has not been developed in any way whatsoever. Defendant, citing absolutely no case law in support of its new argument, has provided the epitome of a "throw-away" argument that must be waived. See *Aiellos v. Zisa*, 09-3076, 2010 U.S. Dist. LEXIS 8640, 2010 WL 421081, at *5 (D.N.J. Feb. 2, 2010) (Martini, J.) ("A throw-away argument left undeveloped is waived.").

      Likewise, as this letter appears to be a sur-reply to Defendant's own Reply Brief, Defendant's letter was improperly filed. Under Local Rule 7.1(d)(6), counsel is required to first seek leave from the Court to file a sir-reply, yet Defendant Zisa's counsel has not done so. Alternatively, to the extent that Defendant's letter was simply a second, untimely Reply brief, it should be stricken as untimely pursuant to Local Rule 7.1(d)(7)("The Court may reject any brief or other paper not filed within the time specified.").

-2-

Moreover, given the last-minute nature of this argument, Plaintiffs are extremely prejudiced. This Complaint was filed on March 15, 2011. As such, Defendant Zisa has had over three months to formulate its arguments with regard to this matter. However, given this newest letter-brief from Defendant, Plaintiffs' counsel has been afforded roughly three hours to respond to what essentially is another motion to dismiss. Clearly, Plaintiff's counsel has not been provided any opportunity whatsoever to properly brief or otherwise respond to this issue.

Lastly, as noted above, Plaintiffs' counsel has had no opportunity to sufficiently research this issue, let alone brief it. Despite this, even on its merits, Defendant's Statute of Limitations argument against Plaintiff Lee's CEPA claim must be rejected. Plaintiff Lee's CEPA claim is within the applicable statute of limitations, in that it alleges continuing violations by Defendant Zisa, the last of which occurred within one year of the filing of the complaint. See, Complaint, ¶41 (Plaintiff alleges that he was denied overtime on March 17, 2010 and April 15, 2010 as a result of his complaints to Defendant Zisa); See also, Complaint, ¶42 (allegations of retaliation on April 15, 2010). As Plaintiffs' Complaint in the instant action was filed on March 15, 2011, Plaintiff Lee's CEPA claim complies with any and all applicable statutes of limitation. Accordingly, even on its merits, Defendant Zisa's argument is unavailing.

For the reasons set forth above, Defendant Zisa's last-minute argument against Plaintiff Lee's CEPA claim must be rejected, and any attempt to further litigate this issue must be denied.

Respectfully submitted,

MARK B. FROST & ASSOCIATES

/s/ Ryan Lockman, Esq.
Ryan M. Lockman
Attorneys for Plaintiffs