UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD LEE, *et al.*,

    Plaintiffs,

v.

TOMAS PADILLA, *et al.*,

    Defendants.

Civil Action Number: 2:11-1463

OPINION

HON. WILLIAM J. MARTINI

## OPINION

### I. INTRODUCTION

On March 15, 2011, Plaintiffs Donald Lee, Patrick O'Connor, Allen DeLeone, and Vincent Riotto, officers of the Hackensack Police Department ("HPD"), filed a ten-count civil rights against Defendant HPD Chief of Police, C. Kenneth Zisa, and others, alleging that the Defendants violated their constitutional rights.[1]

Presently before the Court is Defendant Zisa's Rule 12(b)(6) motion to dismiss the Complaint. For the reasons elaborated below, the motion will be **GRANTED** in part, and

---

[1] Prior to instituting this action, HPD officers instituted six other civil rights actions against Chief Zisa and others. *See Ferraioli v. City of Hackensack*, Civil Action No. 2:09-cv-2663 (filed June 2, 2009 D.N.J.) (WJM-MF); *Aiellos v. Zisa*, Civil Action No. 2:09-cv-3076 (filed June 24, 2009 D.N.J.) (WJM-MF); *Borntrager v. Zisa*, Civil Action No. 2:09-cv-6495 (filed Dec. 23, 2009 D.N.J.) (WJM-MF); *Finley v. City of Hackensack*, Civil Action No. 2:10-cv-0512 (filed Jan. 28, 2010 D.N.J.) (WJM-MF); *Hermann v. Zisa*, Civil Action No. 2:10-cv-2349 (filed May 7, 2010 D.N.J.) (WJM-MF); *Campos v. Zisa*, Civil Action No. 2:10-cv-2568 (filed May 18, 2010 D.N.J.) (WJM-MF). These six law suits have been consolidated for pretrial purposes. *Lee v. Padilla*, the instant litigation, was not consolidated with them. However, some of the Plaintiffs in *Lee* overlap with the plaintiffs in the consolidated matters; some of the Defendants in *Lee* overlap with the defendants in the consolidated matters; and, finally, some of Plaintiffs' theories of liability in *Lee* overlap with the theories of liability put forward by plaintiffs in the consolidated matters.

**DENIED** in part.

Specifically:

Count I: Lee's First Amendment claim against Zisa will be dismissed.

Count II: Lee's CEPA claim will be dismissed against Defendants Zisa, Padilla, and the City of Hackensack. *I.e.*, Count II will be dismissed.

Count IV: O'Connor's First Amendment claim against Zisa will be dismissed.

Count VI: Riotto's Due Process claim against Zisa will be dismissed.

Count VII: Riotto's federal conspiracy claim will be dismissed.

Count VIII: Riotto's civil conspiracy claim against Zisa will be dismissed.

Count IX: Lee's Free Speech/Freedom of Association-related claim against Zisa will be dismissed. O'Connor's Free Speech/Freedom of Association-related claim against Zisa will be dismissed. Riotto's Due Process-related claim against Zisa will be dismissed.

The following counts will go forward:

Count I: Lee's First Amendment claim against Padilla will proceed.

Count III: O'Connor's CEPA claim will proceed.

Count IV: O'Connor's First Amendment claim will proceed against Defendants Padilla, Molinelli, Bergen County Prosecutor's Office, County of Bergen, and the City of Hackensack, but not against Zisa.

Count V: DeLeone's First Amendment claim will proceed against Zisa and Padilla.

Count VI: Riotto's Due Process claim will proceed against all Defendants except Zisa.

Count VIII: Riotto's civil conspiracy claim will proceed against all Defendants except Zisa.

Count IX: Plaintiffs' claim under NJCRA will go forward except in relation to Lee's Free Speech/Freedom of Association-related claim against Zisa; except in relation to O'Connor's Free Speech/Freedom of Association-related claim against Zisa; and except in relation to Riotto's Due Process-related claim against Zisa.

Count X: Plaintiffs' claim against the City of Hackensack will go forward.

Finally, all conduct by Chief Zisa pre-dating March 15, 2009 or post-dating April 30, 2010 under any remaining count is barred for the purpose of establishing liability against Zisa.

## II.     FACTUAL BACKGROUND ALLEGED IN THE COMPLAINT

The gravamen of the Complaint is that the Hackensack Chief of Police, Defendant Zisa, engaged in a pattern of extortion, against other HPD officers, i.e., Plaintiffs, seeking, among other things, political donations to further Zisa's political career and the political

career of those allied with him, including candidates for office within the Policemen's Benevolent Association ("PBA") of Hackensack. It is further alleged that those who were not allied with Zisa, including those officers who refused to donate to Zisa and his allies' political campaigns, were subject to retaliation and threats of retaliation in violation of Plaintiffs' First Amendment free speech and freedom of association rights.[2] More specifically, Plaintiffs have put forward a ten-count Complaint. Count I is a First Amendment claim, asserted under Section 1983,[3] brought by Plaintiff Lee against Defendants Zisa and Tomas Padilla. Count II is a Conscientious Employee Protection Act (CEPA) claim brought by Plaintiff Lee against Defendants Zisa, Padilla, and the City of Hackensack. Count III is a CEPA claim brought by Plaintiff O'Connor against multiple Defendants. Count IV is a First Amendment claim, asserted under Section 1983, brought by Plaintiff O'Connor against multiple Defendants. Count V is a First Amendment claim, asserted under Section 1983, brought by Plaintiff DeLeone against Defendants Padilla and Zisa. Count VI is Fourteenth Amendment claim, asserted under Section 1983, by Plaintiff Riotto against all Defendants. Count VII is a conspiracy claim, under Section 1985,[4] brought by Plaintiff Riotto against all Defendants. Count VIII is a state common law conspiracy claim brought by Plaintiff Riotto against all Defendants. Count IX is a New Jersey Civil Rights Act claim brought by all Plaintiffs against all Defendants. And Count X is a Section 1983 claim brought by all Plaintiffs against the City of Hackensack.

### III.   STANDARD OF REVIEW

The Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

---

[2] For a fuller development of the facts, the Court refers to the decisions already issued in the consolidated matters. *See supra* note 1.

[3] 42 U.S.C. § 1983.

[4] 42 U.S.C. § 1985.

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

## IV.     ANALYSIS

Chief Zisa puts forward a number of defenses. This opinion discusses each in turn.[5]

### A.     Statute of Limitations

This action was filed on March 15, 2011. Defendant asserts that a two-year statute of limitations applies "to *all* of the Plaintiffs' claims." Pl.'s Br 14 (emphasis added). Plaintiffs do not contest that a two-year limitations period – cutting off causes of action accruing before March 15, 2009 – applies here. Rather, Plaintiffs contend that Defendants' actions from that early period are part-and-parcel of a series of "continuing violations." However, it appears that the rule in this circuit is that "individually actionable [First Amendment] allegations cannot be aggregated . . . . [Rather], First Amendment retaliation claims are always individually actionable, even when relatively minor." *O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (2006). Thus, allegations relating to events predating March 15, 2009 are not actionable against Chief Zisa. For this reason Lee's First Amendment claim relating to the contested PBA election is barred.

### B.     Chief Zisa was on Administrative Leave After April 30, 2010

Chief Zisa was placed on administrative leave on April 30, 2011. Much of the wrongful conduct pled by Plaintiff Riotto postdates that event. No well-pled post April 30, 2011 allegations by Riotto would establish, if proven, any personal wrongdoing by Zisa. Hence they cannot form a basis of liability. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### C.     Lee's First Amendment Claims

Lee asserts a First Amendment claim grounded in retaliation suffered in consequence of his failing to support the pro-Zisa candidate in the June 2008 PBA election. However, his brief points to no allegations that he suffered any consequences in regard to the election, much less well-pled allegations in regard to the time period between March 15, 2009 and April 30, 2011.

---

[5] Certain of the defenses asserted here have already been asserted and discussed in detail in decisions in the consolidated matters. *See supra* note 1.

Lee also alleges that Chief Zisa installed audio and visual recording devices (which were in public view) on the premises of Hackensack Police Department headquarters. Lee complained to Zisa that such devices were illegal. Lee alleges that he suffered retaliation for lodging these complaints. A valid First Amendment free speech claim requires that the retaliation arises in consequence of protected speech addressing a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 146 (1983). Where the retaliation is in consequence of speech amounting to "complaints about [the] conditions of employment," no claim may be asserted. *Stroman v. Colleton Cnty. Sch. Dist.*, 981 F.2d 152, 156 (4th Cir. 1992). Here the speech related to the administration of government offices and the speech was not directed to the public, but was directed to Chief Zisa. It would seem to follow that the free speech claim fails.[6]

Finally, Lee asserts a First Amendment freedom of association claim. *See Elrod v. Burns*, 427 U.S. 347, 359 (1976); *Branti v. Finkel*, 445 U.S. 507 (1980); *Rutan v. Republican Party of Ill.*, 497 U.S. 62 (1990). He argues that he Zisa retaliated against him for associating with the plaintiffs in *Aeillos*. This theory of liability fails under *Twombly*, as the contours of that "association" are not sufficiently developed.

### D. O'Connor's First Amendment Claims

Defendant argues that O'Connor's First Amendment claim fails because he fails to allege that Zisa took any actions against him. Plaintiff's opposition brief fails to respond to this argument. As such, Plaintiff's count is waived or abandoned. *Cf. Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n. 1 (7th Cir. 2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived).

### E. DeLeone's First Amendment Claim

Defendant argues that DeLeone's First Amendment claim fails because the purported retaliation was in connection with DeLeone's mere professional association with *Aiellos* and *Ferraioli* plaintiffs and because DeLeone associated with other HPD officers during their disciplinary review. Even assuming that such associations fail to state a claim,

---

[6] Plaintiffs cite *Ferraioli v. City of Hackensack*, 2010 WL 4421098, at *5 (Feb. 2, 2010 D.N.J.) (Chesler, J.), as contrary authority. In *Ferraioli*, Judge Chesler allowed a cause of action grounded in speech about job conditions to proceed as a free speech claim where the conduct relating to the job conditions allegedly was instituted in *direct* retaliation for the exercise of protected speech and association rights. *I.e.*, the contested PBA elections. Here, by contrast, Plaintiffs merely make the generic claim that the audio and visual recording devices were put in place in order to chill free speech. But, there are no well-pled allegations suggesting that Zisa had the recording equipment placed on the premises in retaliation for the exercise of any particular protected speech or association by Plaintiffs.

DeLeone also alleged that he suffered retaliation by Zisa in consequence of his (that is, DeLeone's) support of PBA candidates opposed by Zisa. Such allegations state a claim. *See, e.g.*, *Ferraioli v. City of Hackensack*, 2010 WL 4421098, at *4-8 (Feb. 2, 2010 D.N.J.) (Chesler, J.).

### F. Lee's CEPA Claim

As explained, Chief Zisa ordered the installation of recording devices on the premises of the HPD headquarters. Lee complained to Zisa about the placement of these devices, and further alleges that he suffered retaliation for lodging these complaints. Lee now asserts a CEPA claim, i.e., a whistleblower claim.

In order to allege a CEPA claim, a Plaintiff

> does not [have] to show that a law, rule, regulation or clear mandate of public policy actually would be violated if all the facts he or she alleges are true. Instead, a plaintiff must set forth facts that would support an objectively reasonable belief that a violation has occurred. In other words, when a defendant requests that the trial court determine as a matter of law that a plaintiff's belief was not objectively reasonable, the trial court must make a threshold determination that there is a substantial nexus between the complained-of conduct and a law or public policy identified by the court or the plaintiff.

*Dzwonar v. McDevitt*, 828 A.2d 893, 901 (N.J. 2003). Plaintiff Lee has failed to identify what statute, rule, regulation, or clear mandate of public policy was violated (or was reasonable to believe was violated) by Zisa's placing recording devices on HPD premises. The suggestion that the Wire Tap statute was violated is not well supported. It appears that the CEPA claim fails.

### G. Riotto's Fourteenth Amendment Claim

Plaintiff Riotto asserts a Fourteenth Amendment procedural due process claim against Zisa. The thrust of the allegation is that after Riotto brought a complaint against Salcedo, Zisa appointed Salcedo to investigate alleged wrongdoing by Riotto, and made this appointment while knowing that Riotto had already filed his complaint against Salcedo. Salcedo investigated disciplinary charges against Riotto for allegedly failing to timely report threats by one HPD officer against another. The disciplinary hearing was presided over by James Murphy, a retired Superior Court judge. Riotto was represented by counsel. Salcedo testified against Riotto at the hearing, apparently over Riotto's attorney's objections.

Plaintiff Riotto does not deny that he had notice and an opportunity to be heard. Rather, he denies that he had a neutral adjudicator (a purported friend of Zisa) and he argues that Salcedo was biased against him. More importantly, he argues that Zisa is responsible for the denial of a fair hearing because Zisa appointed Salcedo to investigate Riotto.

However, the decision to admit Salcedo's evidence at the hearing was Murphy's, not Zisa's. Second the decision to recommend Riotto for demotion was Murphy's, not Zisa's. Third, Riotto fails to elaborate any actual harm arising in connection from Riotto's purported bias. He puts forward no testimony tending to establish that Salcedo lied or even that he substantially shaded the truth to Riotto's disadvantage. Finally, Riotto has access to administrative and appellate review in which to correct any purported error by Murphy. In these circumstances the due process claim fails. *See O'Neill v. City of Philadelphia*, 32 F.3d 785, 790-91 (3d Cir. 1994) ("We have been given no reason why a litigant in a state administrative proceeding should be permitted to forego state-court [administrative or] judicial review of the agency's decision in order to apply for relief in federal court."); *cf. Patsy v. Florida Bd. of Regents*, 457 U.S. 496 (1982) (holding that exhaustion is not required where the proceeding is *remedial*, as opposed to *coercive*).

### H. Riotto's Federal and State Conspiracy Claims

As to Count VII, the federal conspiracy claim under Section 1985, Riotto fails to oppose the defenses put forward by Defendants. As a result, Riotto's claim is waived or abandoned. *Cf. Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."). As to the civil conspiracy claim, Count VIII, it fails because the underlying Fourteenth Amendment claim fails. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665 (M.D. Pa. 1999), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); Def.'s Br. 29 (citing *Fedor*); Pl.'s Br.35 (same).

### I. New Jersey Civil Rights Act

All the Court's ruling in regard to Section 1983 and Section 1985 equally apply to Plaintiffs' claims under the New Jersey Civil Rights Act, as to the two bodies of law are generally coextensive.

### J. Other Relief

Defendant Zisa's application for relief under *res judicata* principles is denied as he can point to no final judgment in the related actions. The Court notes that the number of actions filed by Plaintiffs has continued to balloon over the last three years. Duplicative filings burden Defendants and the Court. Should the number of actions brought by the same Plaintiffs continue to grow without cause, the Court may revisit this issue or consider sanctions under Rule 11. Finally, Zisa's request to strike certain matters from the Pleadings is denied.

## V. CONCLUSION

For the reasons elaborated above, the Court **GRANTS** in part, and **DENIES** in part Defendant C. Kenneth Zisa's motion to dismiss.

Specifically:

Count I: Lee's First Amendment claim against Zisa is **DISMISSED**.

Count II: Lee's CEPA claim is dismissed against Defendants Zisa, Padilla, and the City of Hackensack. *I.e.*, Count II is **DISMISSED**.

Count IV: O'Connor's First Amendment claim against Zisa is **DISMISSED**.

Count VI: Riotto's Due Process claim against Zisa is **DISMISSED**.

Count VII: Riotto's federal conspiracy claim is **DISMISSED**.

Count VIII: Riotto's civil conspiracy claim against Zisa is **DISMISSED**.

Count IX: Lee's Free Speech/Freedom of Association-related claim against Zisa is **DISMISSED**. O'Connor's Free Speech/Freedom of Association-related claim against Zisa is **DISMISSED**. Riotto's Due Process-related claim against Zisa is **DISMISSED**.

The following counts will go forward:

Count I: Lee's First Amendment claim against Padilla will proceed.[7]

Count III: O'Connor's CEPA claim will proceed.

Count IV: O'Connor's First Amendment claim will proceed against Defendants Padilla, Molinelli, Bergen County Prosecutor's Office, County of Bergen, and the City of Hackensack, but not against Zisa.

Count V: DeLeone's First Amendment claim will proceed against Zisa and Padilla.

Count VI: Riotto's Due Process claim will proceed against all Defendants except Zisa.

Count VIII: Riotto's civil conspiracy claim will proceed against all Defendants except Zisa.

Count IX: Plaintiffs' claim under NJCRA will go forward except in relation to Lee's Free Speech/Freedom of Association-related claim against Zisa; except in relation to O'Connor's Free Speech/Freedom of Association-related claim against Zisa; and except in relation to Riotto's Due Process-related claim against Zisa.

Count X: Plaintiffs' claim against the City of Hackensack will go forward.

Finally, all conduct by Chief Zisa pre-dating March 15, 2009 or post-dating April 30, 2010 under any remaining count is barred for the purpose of establishing liability against Zisa.

An appropriate order accompanies this memorandum opinion.

                                                                                 s/William J. Martini

                                                           _____

**DATE: August 9, 2011**                                  **William J. Martini, U.S.D.J.**

---

[7] With regard to each count that goes forward, the Court's conclusion is subject to any motion to dismiss brought by other Defendants which have yet to be adjudicated.